IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KORTRIJK S. MILES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1355-E-BN |
| | § | |
| LSG SKY CHEFS INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Kortrijk S. Miles filed this *pro se* lawsuit that includes alleged violations of the Fair Labor Standards Act ("FLSA"), a federal statute, in a Dallas County, Texas state court, and Defendant Sky Chefs, LLC (identified as LSG Sky Chefs Inc. in the state court petition) ("Sky Chefs") removed under federal question subject-matter jurisdiction. *See* Dkt. No. 1; 28 U.S.C. § 1331.

United States District Judge Ada Brown referred the removed case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After removal, Miles filed an amended complaint that purports to eliminate all federal causes of action [Dkt. No. 5] and moved to remand on the basis that the Court no longer has subject-matter jurisdiction, *see* Dkt. No. 4.

"A case removed from state court simply comes into the federal system in the same condition in which it left the state system." *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters, Etc.*,

415 U.S. 423, 435-36 (1974)).

And the Federal Rules of Civil Procedure – including Federal Rule of Civil Procedure 15(a)(1), which "allows a party to amend its pleading once as a matter of course within twenty-one days of service or within twenty-one days of a responsive pleading or motion under Rule 12(b), (e), or (f)," – apply to the formerly state-court action "beginning from the date of removal." *Ferris Plaza, Ltd. v. Peerless Indem. Ins. Co.*, No. 3:10-cv-633-L, 2010 WL 2540826, at *2 (N.D. Tex. June 22, 2010) (citing FED. R. CIV. P. 81(c)(1)).

And, so, where Miles previously amended his claims in state court, *see, e.g.*, Dkt. No. 1-1 at 22-47, Rule 15(a)(1) does not allow Miles to amend his complaint as a matter of course now, *see Ferris Plaza*, 2010 WL 2540826, at *2 & n.1; *accord Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 559 n.1 (W.D. Tex. 2012).

Regardless, considering Miles's *pro se* status, the Court liberally construed the amended complaint filed in federal court as a motion for leave to amend under Federal Rule of Civil Procedure 15(a)(2) and ordered the parties to brief that motion and the motion to remand. *See* Dkt. No. 9. Miles then formally moved for leave under Rule 15(a)(2). *See* Dkt. No. 10. SkyChefs responded. *See* Dkt. No. 13. And Miles replied. *See* Dkt. No. 14.

For the following reasons, the Court should grant the motion for leave to amend and remand this case to the state court from which it was removed.

## Discussion

The United States Supreme Court recently reinforced the adage that the

plaintiff is the master of her complaint by explicitly holding that a plaintiff may amend her complaint after removal to eliminate the federal cause of action on which the Court's subject-matter jurisdiction is based and trigger a probable remand to state court. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 43-44 (2025) ("The earliest version of that suit contained federal-law claims and therefore was properly removed to federal court. The additional state-law claims were sufficiently related to the federal ones to come within that court's supplemental jurisdiction. But when Wullschleger amended her complaint, the jurisdictional analysis also changed. Her deletion of all federal claims deprived the District Court of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too. Wullschleger had reconfigured her suit to make it only about state law. And so the suit became one for a state court."); *see, e.g.*, *Joel v. Howard Univ.*, Civ. A. No. 24-1655 (LLA), 2025 WL 358769, at *2 (D.D.C. Jan. 31, 2025) ("As the Supreme Court recently explained, after amendment, '[t]he amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy [federal] jurisdiction.' Here, Ms. Joel has abandoned her claims arising under federal law, which were the basis for Howard University's removal to this court. 'Her deletion of all federal claims deprived [this court] of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too.' Accordingly, the court must remand this case to the Superior Court." (quoting *Royal Canin*, 604 U.S. at 35, 44)).

"[R]econfigur[ing his] suit to make it only about state law," *Royal Canin*, 604

U.S. at 44, is exactly what Miles seeks leave to do here, *see, e.g.*, Dkt. No. 10 at 1 ("The proposed amendment removed all federal claims and proceeds exclusively under Texas law."); *cf. Wilson v. Experian Info. Solutions, Inc.*, Civ. A. No. 25-11153-BEM, 2025 WL 1594750, at *2 (D. Mass. June 5, 2025) ("Experian calls this a 'bad-faith argument' and likely sees it as a bait-and-switch move by Wilson following removal. But even if Wilson did originally intend to state a claim under [a federal statute], his present renunciation of that claim – and of all claims arising under federal law – defeats this Court's jurisdiction." (citing *Royal Canin*, 604 U.S. at 30)).

Rule 15(a)(2) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), so, the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

And SkyChefs contends that there are substantial reasons to deny Miles's request for leave – that it is made in bad faith and would be futile. In sum, SkyChefs argues that, although Miles renounces all federal causes of action through his proposed amendment, his amended factual allegations nevertheless support claims under the FLSA and cannot support violations of Texas law. *See* Dkt. No. 13 at 6-8.

That may be the case. But that is now a matter for a Texas court to decide. That is because whether Miles has sacrificed the viability of his claims to avoid a federal forum is not for SkyChefs or the Court to judge (or save him from). Instead, Miles's "present renunciation … of all claims arising under federal law [ ] defeats this Court's jurisdiction." *Wilson*, 2025 WL 1594750, at *2; *cf. Preston v. Mossbarger*, No.

3:15-cv-1903-N, 2015 WL 4742549, at *3 (N.D. Tex. Aug. 10, 2015) ("It makes no difference whether the state law cause of action may ultimately not be viable or that a federal law claim might be more likely to succeed – if a plaintiff files a petition in state court alleging wholly state claims in a non-preempted field, the viability of the plaintiff's state law claims is a matter for a Texas state court to decide." (citing *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001); *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 554 (5th Cir. 2008) ("Under the well-pleaded complaint rule, the availability of a federal claim does not deprive the Bernhards of the opportunity to plead state law claims that may ultimately have no merit. The federal courts do not have federal question jurisdiction simply because a federal right was available but was not asserted."); *In re Hot-Hed Inc.*, 477 F.3d 320, 324 (5th Cir. 2007) ("Even assuming *arguendo*, however, that Hot-Hed failed properly to allege a basis for attorneys' fees under state law, such a failure would not require that the claim be read as a request for relief available under federal law."))); *Leach v. Indiana*, No. l:07-cv-1376-DFH-JMS, 2007 WL 4256440 (S.D. Ind. Nov. 30, 2007) ("The plaintiff is the master of his complaint. If he chooses to rely solely on state law, he may do so even if his allegations might also support a claim for relief under federal law." (citations omitted)).

**Recommendation**

The Court should grant Plaintiff Kortrijk S. Miles's motion for leave to amend [Dkt. No. 10], direct the Clerk of Court to enter Dkt. No. 10 at 3-6 as the operative complaint, grant the motion to remand [Dkt. No. 4], and remand this case to the

Dallas County, Texas state court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 2, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE